IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| v. | * | 01:18-CR-00216-ELR-RGV |
| | * | |
| MASOUD SOLEIMANI, | * | |
| MAHBOOBE GHAEDI, and | * | |
| MARYAM JAZAYERI | * | |
| | * | |

## ORDER

This matter is before the Court for consideration of Magistrate Judge Russell G. Vineyard's Report and Recommendation ("R&R"). [Doc. 117]. Importantly, Judge Vineyard recommends that the undersigned deny Defendants Jazayeri's and Ghaedi's motions to suppress [Docs. 92 and 93], Defendants' motions to dismiss [Docs. 77, 87, and 88], and Defendant Jazayeri's motion to suppress statements [Doc. 86]. In the time permitted for the Parties to object to the R&R, Defendant Jazayeri filed objections [Doc. 125] to the R&R. Within that same time, Defendant Soleimani filed a motion [Doc. 126] for extension of time to object to the R&R, which this Court **GRANTS**, and thus, does consider Defendant Soleimani's objections [Doc. 127] to the R&R. Additionally, Defendants Soleimani and Ghaedi each filed motions

[Docs. 128 and 129] to adopt Jazayeri's objections, both of which the Court **GRANTS**.[1] For the following reasons, the Court **OVERRULES** Defendants' objections and **ADOPTS** the R&R as the opinion of the Court.

## I. Legal Standard

The district court reviewing an R&R "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). If neither party objects, the district judge need only review the R&R for clear error and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id. A party objecting to an R&R "must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988)) (internal quotation marks omitted). If there are no specific objections made to factual findings made by the magistrate judge, there is no requirement that those findings be reviewed de novo. Garvey v. Vaughn, 993 F.2d 776, 779 n. 9 (11th Cir. 1993). Absent objection, the district court judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge],"

---

[1] Defendant Ghaedi also moved to adopt Defendant Soleimani's objections [Doc. 129], which the Court **GRANTS**.

2

28 U.S.C. § 636(b)(1)(C), and may accept the recommendation if it is not clearly erroneous or contrary to the law. Fed. R. Crim. P. 59. In accordance with 28 U.S.C. § 636(b)(1)(C) and Rule 59 of the Federal Rules of Criminal Procedure, the Court has conducted a *de novo* review of those portions of the R&R to which Defendants object and has reviewed the remainder of the R&R for plain error. See United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

**II. Discussion**

Defendants object to the Magistrate Judge's conclusion that severance is not warranted in this case. Specifically, Defendants argue that the type and amount of evidence to be presented at trial against Co-Defendants, as well as the unindicted co-conspirators, would prejudice a Defendant against whom there is less significant and less overall evidence. Upon review, the Court agrees with the Magistrate Judge's finding that voluminous evidence against co-defendants does not necessarily deny a defendant the right to a fair trial. In the present case, the Court will use appropriate limiting instructions for any evidence the jury should consider only in connection with a particular Defendant.

Defendants also object to the Magistrate Judge's determination that the superseding indictment is legally sufficient on its face. Based upon this determination, the Magistrate Judge recommends that Defendants' motions to dismiss be denied. The Court agrees with the Magistrate Judge's analysis that

3

Defendants, in actuality, seek a defacto determination as to whether the biological material at issue falls within certain exceptions to the regulations Defendants are accused of violating. Despite Defendants' request, the Court finds that this is a question of fact for the jury's determination.

Finally, the Court finds that in recommending that Defendant Jazayeri's motion to suppress statements be denied, the Magistrate Judge properly analyzed the totality of the circumstances surrounding the statements pursuant to Miranda v. Arizona, 384 U.S. 436 (1966).

## III. Conclusion

After conducting a *de novo* review of those portions of the R&R to which Defendants object and reviewing the remainder of the R&R for plain error, this Court finds that the Magistrate Judge's factual and legal conclusions are correct. Accordingly, the Court **OVERRULES** Defendants' Objections [Docs. 125 and 127] and **ADOPTS** the R&R [Doc. 117] as the Opinion and Order of this Court. The Court **DENIES** Defendants' motions to sever [Docs. 92 and 93], **DENIES** Defendants' motions to dismiss [Docs. 77, 87, and 88], **DENIES** Defendant Jazayeri's motion to suppress statements [Doc. 86], **GRANTS** Defendant Soleimani's motion for extension of time to file objections [Doc. 126], and **GRANTS** Defendants Jazayeri's and Ghaedi's motions to adopt objections [Docs. 128 and 129].

As previously directed by the undersigned [See Minute Order dated 11/13/2019], Defendants are to inform the Court by November 26, 2019, whether they intend to go to trial or resolve the case in some other manner.[2]

**SO ORDERED**, this 14th day of November, 2019.

*Eleanor L. Ross*
Eleanor L. Ross
United States District Judge
Northern District of Georgia

---

[2] At this time, the Court has the following weeks available to schedule a jury trial: January 27, February 3, and March 2, 2020. The Court requests that with any announcement to proceed to trial, the Parties provide an estimate of how long trial is expected to last.